**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-800-STV

**Timothy Warren**,
individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**MBI Energy Services, Inc.**;
**Missouri Basin Well Service, Inc. d/b/a MBI Energy**; and
**High Plains Inc.**,

    Defendants.
_____

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR CONDITIONAL CERTIFICATION**
_____

**INTRODUCTION**

Plaintiff has moved this Court for conditional certification of a class under 29 U.S.C. § 216(b) for "All Wireline Engineers, Wireline Field Engineers, Field Supervisors, and similar positions employed by MBI during the last three years who were paid with a salary and/or commission/production bonus and who did not receive overtime pay." Plaintiff has consents from three additional individuals to join the lawsuit, and Plaintiff seeks to provide notice to putative class members. However, Plaintiff has failed to satisfy key elements for conditional class certification under 29 U.S.C. § 216(b). Most importantly, this Court does not have a basis to exercise personal jurisdiction over Defendants as to claims on behalf of putative collective action members who are out-of-state employees and did not work in Colorado. As this Court

3794548.1

could only exercise personal jurisdiction over Defendants on claims by very few employees, this Court should deny the Plaintiff's motion for conditional certification.

## FACTUAL BACKGROUND

Defendant Missouri Basin Well Service, Inc. is incorporated in North Dakota, and its principal place of business is 12980 35th Street SW, Belfield, North Dakota 58622. (Aff. of Craig Halsey in Support of Defs.' Mem. in Opp. To Pl.'s Mot. for Conditional Certification ("Halsey Aff.") at ¶ 2.) MBI Energy Services, Inc. is incorporated in Delaware and is the parent company of Missouri Basin Well Service, Inc. (Halsey Aff. at ¶ 3.) High Plains Inc. was acquired in 2011 and merged into Missouri Basin Well Service, Inc. in 2016. (Halsey Aff. at ¶ 4.) Prior to the merger, High Plains Inc. was incorporated in North Dakota, but it has not existed as an entity in the past three years. (Halsey Aff. at ¶ 4.) Since the merger of High Plains Inc. with Missouri Basin Well Service, Inc., Missouri Basin Well Service has employed all of MBI's wireline engineers and the putative class members. (Halsey Aff. at ¶ 5.) MBI currently only has physical locations in North Dakota and Texas. (Halsey Aff. at ¶ 6.)

Defendants have not been incorporated in Colorado and did not have their principal place of business there. MBI briefly tried to establish wireline operations in Colorado in November 2017 and employed four wireline engineers in Colorado, but it closed down after 6 months because of the lack of work. (Halsey Aff. at ¶ 7.) The wireline engineers out of the Colorado location actually worked primarily in Wyoming due to the lack of work in Colorado. (Halsey Aff. at ¶ 7.) In fact, the Colorado crews had only one customer in Colorado and their work was limited to December 2017. (Halsey Aff. at ¶ 7.) Some MBI wireline engineers out of MBI's Wyoming location did minimal work for two customers in Colorado, but that work was limited

to a few dates in April and May 2017. (Halsey Aff. at ¶ 8.) MBI crews from Dickinson also did limited work for one customer in Colorado, Petroshare, Corp. That work occurred on only twelve (12) days in March, 2018. (Halsey Aff. at ¶ 9.) No work was performed by MBI Wireline Engineers in Colorado in 2019. (Id.)

Plaintiff Timothy Warren, and the putative class members seeking to opt-in, Justin Dykes, Jacob Bratton, and David Alvey, all had Wyoming Commercial Driver's Licenses and Wyoming addresses while employed by MBI, and reported to the Wyoming locations. (Halsey Aff. at ¶ 9.) Their contacts with Colorado were minimal and limited to the customers and dates described in the Affidavit of Craig Halsey.

## LAW AND ARGUMENT

"'[C]onditional certification' is the vehicle by which a court authorizes a named plaintiff to give a Hoffmann–La Roche type of notice to other employees or former employees." Oldershaw v. DaVita Healthcare Partners, Inc., 255 F. Supp. 3d 1110, 1114 (D. Colo. 2017) (citing Genesis Healthcare Corp., 133 S.Ct. at 1530.) "The purpose of the notice is to alert potentially aggrieved individuals that they can join the lawsuit by filing a written consent." Id. (citing Hoffmann–La Roche, 493 U.S. at 169–74, 110 S.Ct. 482). Plaintiff's request for conditional certification and to provide notice to putative class members "company-wide" must be denied, as this Court lacks personal jurisdiction over Defendants as to claims by purported opt-in class members who are not Colorado residents and never performed work for MBI in Colorado.

### I. **This Court lacks personal jurisdiction over Defendants on purported class members' claims**

"The plaintiff bears the burden of establishing personal jurisdiction over defendants." Klein Frank, P.C. v. Girards, 932 F. Supp. 2d 1203, 1208 (D. Colo. 2013) (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir.1988)). Plaintiffs have not met their burden of establishing this Court's personal jurisdiction over Defendants with respect to claims by wireline engineers who were not residents of Colorado, not employed in Colorado, and who did not work in Colorado.

### a. This Court does not have general jurisdiction over MBI

Defendant MBI Energy Services, Inc. is incorporated in Delaware. Defendant Missouri Basin Well Service, Inc. is incorporated in North Dakota and has its principal place of business in Belfield, North Dakota. Defendant High Plains Inc. had been incorporated in North Dakota, but was acquired by Missouri Basin Well Service in 2011, merged into Missouri Basin Well Service in June 2016, and has not been a separate entity at times relevant to this suit.

This Court does not have general jurisdiction over the Defendant entities because they are foreign corporations to Colorado. "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." Leachman Cattle of Colorado, LLC v. Am. Simmental Ass'n, 66 F. Supp. 3d 1327, 1335 (D. Colo. 2014) (quoting Daimler AG v. Bauman, 571 U.S. 117, 137 (2014)). Defendants are not incorporated in Colorado and have not had their principal place of business there.[1] "A court may assert general jurisdiction

---

[1] Missouri Basin Well Service, Inc. is registered as a foreign corporation in many states, including Colorado, but this does not affect the analysis of whether this Court has general jurisdiction because the case law is clear that the inquiry is of a corporation's place of incorporation and principal place of business, neither of which were in Colorado for any of the Defendants. See Daimler AG v. Bauman, 571 U.S. 117 (2014).

over foreign ... corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Old Republic Ins. Co. v. Cont'l Motors, Inc., 877 F.3d 895, 904 (10th Cir. 2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Defendants have not had "continuous and systematic" affiliations with Colorado that would "render them essentially at home" in Colorado. As established by Halsey's Affidavit, MBI's contacts with Colorado were extremely limited, not continuous and systematic. (Halsey Aff. at ¶¶ 7-8.) Therefore, this Court does not have general jurisdiction over Defendants.

### b. This Court does not have specific jurisdiction in this matter

Federal courts in Colorado follow a two-step analysis when evaluating personal jurisdiction:

> At the first step, the Court examines "'whether the non-resident defendant has 'minimum contacts' with the forum state such that he should reasonably anticipate being haled into court there.'" If the defendant has sufficient contacts, the Court moves on to the second step and asks "whether the court's exercise of jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,' that is, whether the exercise of jurisdiction is 'reasonable' under the circumstances."

Archangel Diamond Corp. Liquidating Tr. v. OAO Lukoil, 75 F. Supp. 3d 1343, 1357–58 (D. Colo. 2014), aff'd sub nom. Archangel Diamond Corp. Liquidating Tr. v. Lukoil, 812 F.3d 799 (10th Cir. 2016). "Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." Old Republic Ins. Co., 877 F.3d at 904 (citing Daimler, 134 S.Ct. at 754). A defendant may be subjected to the specific jurisdiction of the forum state's courts if it purposefully directed its activities at the state's residents, and if the cause of action arises out of those activities. Id. "In

5

order for a ... court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, 137 S.Ct. 1773, 1780 (2017) (quoting Daimler, 571 U.S. at 127; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472–73 (1985) (specific jurisdiction may be established over a defendant who "has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities.").

These principals of specific personal jurisdiction apply in cases of federal question jurisdiction:

> Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) "whether the applicable statute potentially confers jurisdiction" by authorizing service of process on the defendant and (2) "whether the exercise of jurisdiction comports with due process." Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir.1997); see also Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987) (finding, in a federal question case, that before a federal court may exercise personal jurisdiction over a defendant, there must be "a basis for the defendant's amenability to service of summons").
>
> While service of process and personal jurisdiction both must be satisfied before a suit can proceed, they are distinct concepts that require separate inquiries. Willingway Hosp., Inc. v. Blue Cross & Blue Shield, 870 F.Supp. 1102, 1104 (S.D.Ga.1994) (citing 4 Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1063 (1987)). In the federal system, service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. By contrast, "'[t]he requirement that a court have personal jurisdiction flows ... from the Due Process Clause.... It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.'" Omni Capital Int'l, 484 U.S. at 104, 108 S.Ct. 404 (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). More specifically, in federal question cases, personal jurisdiction flows from the Due Process Clause of the Fifth Amendment. See id. at 103–04, 108 S.Ct. 404 (assuming, in a federal question case, that a court's exercise of personal jurisdiction must comport with Fifth Amendment due process principles);

6

> Republic of Panama, 119 F.3d at 942 ("It is well established that when ... a federal statute provides the basis for jurisdiction, the constitutional limits of due process derive from the Fifth, rather than the Fourteenth, Amendment.").

Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209–10 (10th Cir. 2000).

With respect to the whether the applicable statute confers jurisdiction over defendants by authorizing service of process, the FLSA does not allow nationwide service, and therefore service is only effective if the defendant is subject to jurisdiction in the forum state. See Roy v. FedEx Ground Package Systems, Inc., 353 F.Supp.3d 43, 53 (D. Mass. 2018) (citing U.S. v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001); Aviles v. Kunkle, 978 F.2d 201, 204 (5th Cir. 1992); McCarthy v. Waxy's Keene, LLC, Civil No. 16-cv-122-JD, 2016 WL 4250290, at *2 (D.N.H. Aug. 10, 2016)). "Because the FLSA is silent as to service of process, the Court looks to the long-arm statute of the forum state." Green v. Fishbone Safety Sols., Ltd., No. 16-CV-01594-PAB-KMT, 2017 WL 4012123, at *1 (D. Colo. Sept. 12, 2017) (citing Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co–op., 17 F.3d 1302, 1304–05 (10th Cir. 1994)). "The Colorado long arm statute, Colo. Rev. Stat. § 13–1–124, has been construed to extend jurisdiction to the full extent of the Constitution, so the jurisdictional analysis here reduces to a single inquiry of whether jurisdiction offends due process." Id. (citing Pro Axess, Inc. v. Orlux Distrib., Inc., 428 F.3d 1270, 1276 (10th Cir. 2005); Classic Auto Sales, Inc. v. Schocket, 832 P.2d 233, 235 (Colo. 1992); Archangel Diamond Corp. v. Lukoil, 123 P.3d 1187, 1193 (Colo. 2005)); see also Benton v. Cameco Corp., 375 F.3d 1070, 1075 (10th Cir. 2004) ("Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant.").

In Green v Fishbone, this Court stated, "Personal jurisdiction comports with due process where a defendant has minimum contacts with the forum state and where those contacts are such that jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" 2017 WL 4012123, at *2 (citing Interstate Restoration, LLC v. Wilson Assocs., No. 13–cv–03423–REB–MJW, 2014 WL 1395466, at *2 (D. Colo. Apr. 8, 2014); Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). Moreover,

> The specific jurisdiction analysis is two-fold. First, the Court must determine whether defendant has such minimum contacts with Colorado that defendant "should reasonably anticipate being haled into court" here. World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Within this inquiry, the Court must determine whether there is an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." Bristol–Myers, 137 S. Ct. at 1781. Second, if defendants' actions create sufficient minimum contacts, the Court must consider whether the exercise of personal jurisdiction over defendants offends "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 113 (1987) (internal quotations omitted). This latter inquiry requires a determination of whether the Court's exercise of personal jurisdiction over defendants is "reasonable" in light of the circumstances of the case. Id.
>
> . . .
>
> In determining whether a court has specific jurisdiction over a non-resident defendant, the court is directed to inquire "whether there was 'some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Goodyear, 564 U.S. at 924. However, specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Bristol–Myers, 137 S. Ct. at 1780. Specific jurisdiction requires a "connection between the forum and the specific claims" presented in the lawsuit. Id. at 1781.

Id. at *2-3.

Here, only a small number of MBI wireline engineers did a limited amount of work in Colorado for a limited time, as described in Halsey's Affidavit. (Halsey Aff. at ¶¶ 7-8.) With

8

respect to FLSA claims by putative class members who would be provided "company-wide notice" and invited to opt-in to a collective FLSA action as requested by Plaintiff, this Court would not have specific jurisdiction over Defendants with respect to claims by purported class members who never provided any work in Colorado and were never employed in Colorado. Defendants do not presently have a Colorado presence. Other than limited work by Colorado crews for one client in December 2017, and work performed by Wyoming crews on a handful of dates for two customers between April and May 2017, MBI wireline engineers have not performed work for MBI in Colorado. (Halsey Aff. ¶¶ 7-8.)  Plaintiff and individuals seeking to opt-in by consent have not shown that the other individuals they identified as putative class members have any connection to Colorado. Due process considerations and the requirement of minimum contacts showing a connection between the forum and the specific claims simply would not allow this Court to exercise personal jurisdiction over Defendants on such claims.

>    *c.   Plaintiff's motion for conditional certification and notice must be denied because of the lack of personal jurisdiction with respect to claims by non-Colorado MBI wireline engineers*

Likely recognizing that this Court's jurisdiction over claims by wireline engineers "company-wide" would be challenged, Plaintiff cites to a few unpublished cases by federal district courts that provide a very limited analysis of jurisdictional issues. Moreover, those cases are distinguishable. More persuasive are published opinions by federal district courts providing a more thorough analysis on the same issues presented in this case: Roy v. FedEx Ground Package Systems, Inc., 353 F.Supp.3d 43 (D. Mass. 2018) and Maclin v. Reliable Reports of Texas, Inc., 314 F.Supp.3d 845 (N.D. Ohio 2018). These cases recognize features of FLSA collection actions that this Court has also recognized, and moreover, thoroughly examine several United States

9

Supreme Court and Circuit Court opinions on the jurisdictional analysis in FLSA collective actions.

District courts declining to follow applicable precedent by the United States Supreme Court should not be persuasive here. "Bristol-Myers applies to FLSA claims, in that it divests courts of specific jurisdiction over the FLSA claims" of non-resident plaintiffs against a non-resident Defendant. Roy, 353 F.Supp.3d at 55 (quoting Maclin, 314 F.Supp.3d at 850). Due process requires a connection between the forum and the specific claims at issue. Id. at 56. (citing Bristol-Myers; Chavez v. Church & Dwight Co., No. 17 C 1948, 2018 WL 2238191 at *10 (N.D. Ill. May 16, 2018); Greene v. Mizuho Bank, Ltd., 289 F.Supp.3d 870, 874 (N.D. Ill. 2017)). "That principle applies with equal force whether or not the plaintiff is a putative class representative." Id. (quoting Greene, at 874 (non-FLSA class action)). "Personal jurisdiction in class actions must comport with due process just the same as any other case." Id. (quoting In re Dental Supplies Antitrust Litig., 16 Civ. 696 (BMC) (GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017)). Plaintiff and putative class members cannot bypass due process considerations just because Plaintiff is seeking conditional certification of a class.

Importantly, Roy and Maclin follow the Bristol-Meyers Opinion by the United States Supreme Court, which this Court has also applied to determine whether this Court had personal jurisdiction over employers in an FLSA action. See Green, 2017 WL 4012123, at *2-4. In Roy and Maclin, the courts recognized that Bristol-Meyers applies to determine whether a court has personal jurisdiction over claims by putative class members, largely in part to the nature of a collective actions under the FLSA and how an FLSA collective action

differs from a class action brought under Fed.R.Civ.P. 23. Roy, 353 F.Supp.3d at 58-59; Maclin, 314 F.Supp.3d at 850-851.

This court has also recognized and acknowledged these differences between a collective action under the FLSA and a Rule 23 class action. In MacDonald v. Covenant Testing Techs., LLC, No. 18-CV-02290-NRN, 2019 WL 1755282, at *2 (D. Colo. Apr. 18, 2019), this Court said:

> Unlike class action members under Fed. R. Civ. P. 23, plaintiffs who wish to participate in a FLSA collective action must expressly opt in to the action in writing. 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). See also In re Am. Family Mut. Ins. Co. Overtime Pay Litigation, 638 F. Supp. 2d 1290, 1298 (D. Colo. 2009). "FLSA action claimants [also] retain the right to separately pursue their rights and are only bound by the outcome of the collective action if they expressly choose to join in the litigation." Slaughter v. Sykes Enterprises, Inc., No. 17-CV-02038-KLM, 2018 WL 1556881, at *1 (D. Colo. Mar. 12, 2018) (citing Genesis Healthcare Corp. v. Smith, 569 U.S. 66, 74 (2013)).

It is this precise nature of FLSA collective actions that ensures that the Opinion by the United States Supreme Court in Bristol-Meyers must apply to claims of putative class members in an FLSA action.

In a collective action under 29 U.S.C. § 216(b), plaintiffs must file a written consent to become a party, and this provision is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, rather than an aggregate class recognized under Rule 23. Roy, 353 F.Supp.3d at 58-60 (citing, in part, Anjum v. J.C. Penney Co., No. 13 CV 0460 (RJD) (RER), 2014 WL 5090018, at *8 (E.D.N.Y. Oct. 9, 2014)).

> "The sole consequence of conditional certification [under § 216(b) ] is the sending of court-approved written notice to employees who in turn become parties to a

> collective action only by filing written consent with the court, § 216(b)." Bucceri, 2017 WL 3495693, at *2 (emphasis added) (citation omitted) (citing Genesis Healthcare Corp., 569 U.S. at 75, 133 S.Ct. 1523). Put another way, only the employees who affirmatively opt into the suit by filing their written consent are parties who are "bound or may benefit from judgment." LaChapelle, 513 F.2d at 288. "'A collective action is thus "a fundamentally different creature than the Rule 23 class action" because "the existence of a collective action under § 216(b) [depends] on the active participation of other plaintiffs."'" Lichy v. Centerline Commc'ns LLC, Civil Action No. 15-cv-13339-ADB, 2018 WL 1524534, at *2 (D. Mass. Mar. 28, 2018) (quoting Prescott, 729 F.Supp.2d at 362). See Halle v. W. Penn Allegheny Health Sys. Inc., 842 F.3d 215, 224 (3d Cir. 2016) ("When a named plaintiff files a complaint containing FLSA collective action allegations, the mere presence of the allegations does not automatically give rise to the kind of aggregate litigation provided for in Rule 23. Rather, the existence of a collective action depends upon the affirmative participation of opt-in plaintiffs.") (citing Smith v. T–Mobile USA, Inc., 570 F.3d 1119, 1121 (9th Cir. 2009); Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008)); Cunha v. Avis Budget Car Rental, LLC, 221 F.Supp.3d 178, 181 (D. Mass. 2016) ("'Unlike [Rule] 23 class actions, FLSA collective actions require similarly situated employees to affirmatively opt in and be bound by any judgment.'") (citation omitted). "In other words, 29 U.S.C. § 216(b) does not truly authorize a class action: it is properly viewed as a rule of joinder under which only the individual opt-in plaintiffs have legal status, not the aggregate class of aggrieved employees." Anjum v. J.C. Penney Co., No. 13 CV 0460 (RJD) (RER), 2014 WL 5090018, at *8 (E.D.N.Y. Oct. 9, 2014) Therefore, the opt-in plaintiffs in an FLSA collective action are more analogous to the individual plaintiffs who were joined as parties in Bristol-Myers and the named plaintiffs in putative class actions than to members of a Rule 23 certified class. See Bristol-Myers, 137 S.Ct. at 1778, 1781; Chernus, 2018 WL 1981481, at *6; Maclin, 314 F.Supp.3d at 850-51; Greene, 289 F.Supp.3d at 874; Spratley, 2017 WL 4023348, at *7. By extension, Bristol-Myers requires that the defendant be subject to specific jurisdiction as to the claims of FLSA opt-in plaintiffs in putative collective actions. Similarity of claims, alone, is not sufficient to extend personal jurisdiction to out-of-state opt-in plaintiffs. See Bristol-Myers, 137 S.Ct. at 1781; Greene, 289 F.Supp.3d at 875.

Roy, 353 F. Supp. 3d 43, 59–60.

In short, this Court does not have personal jurisdiction over Defendants as to putative class members that did not work in Colorado because due process does not permit the court to exercise specific jurisdiction over MBI regarding those claims. See Roy, 353 F.Supp.3d 43, 61

12

(D. Mass. 2018) ("Because Plaintiffs cannot satisfy the relatedness requirement for the claims of the FedEx Ground drivers who did not work in Massachusetts, due process does not permit the court to exercise specific jurisdiction over Defendant regarding their claims."); see also Maclin, 314 F.Supp.3d at 850 (only 14 employees lived and worked in the forum state, and the other 424 employees lived and worked outside the forum state, so their claims had no connection to the forum state; therefore, the court did not have jurisdiction over the defendant on FLSA claims by the other 424 employees and the out-of-state employees could bring a collective action in their respective home states or in states that had general jurisdiction over the defendant). Similarly to Roy and Maclin, this Court does not have specific jurisdiction over MBI employees who did not work in Colorado and were not employed in Colorado. It would violate due process to force Defendants to litigate FLSA claims by such putative class members. Because this Court has personal jurisdiction over Defendants on FLSA claims that might be brought by only a very limited number of putative class members identified by Plaintiff, this Court should deny conditional certification and "company-wide notice."

## II. **Plaintiff has failed to show that putative class members are similarly situated**

Collective actions under the FLSA are permitted where allegedly aggrieved employees are "similarly situated." 29 U.S.C. § 216(b).

> Unfortunately, § 216(b) does not define the term "similarly situated," and there is little circuit law on the subject. Federal district courts have adopted or discussed at least three approaches to determining whether plaintiffs are "similarly situated" for purposes of § 216(b). See, e.g., Mooney, 54 F.3d at 1213 (discussing two different approaches adopted by district courts); Bayles v. American Med. Response of Colo., Inc., 950 F.Supp. 1053, 1058 (D.Colo.1996). Under the first approach, a court determines, on an ad hoc case-by-case basis, whether plaintiffs are "similarly situated." Mooney, 54 F.3d at 1213. In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678

> (D.Colo.1997). In doing so, a court "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.' " Id. (quoting Bayles, 950 F.Supp. at 1066).

Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001). Conditional certification may be denied where a plaintiff fails to present substantial allegations that the putative collective members were subject to a single decision, policy, or plan, and much less one that violated the FLSA. MacDonald, 2019 WL 1755282, at *6. Plaintiff has failed to present substantial allegations regarding the proposed class, especially as it pertains to "Field Supervisors."

Plaintiff and the individuals seeking to opt-in to a collective action in this matter were wireline engineers, and their allegations concern their employment as wireline engineers with MBI. Bratton's Affidavit alleges that after he was a wireline engineer, he became a "Wireline Field Engineer or Field Supervisor." A field supervisor is not the same position as a wireline engineer, nor is the compensation similar. There has been no showing that "Field Supervisors" are similarly situated to Plaintiff or wireline engineers as a putative class. Regardless of this Court's determination on jurisdictional issues, this Court must determine that Plaintiff has failed to show that field supervisors or any other position were similarly situated to wireline engineers.

Further, due to jurisdictional issues as outlined above, putative class members who do not have sufficient contacts with Colorado giving rise to possible FLSA claims are not similarly situated to Plaintiff. The request for conditional certification must be denied.[2]

---

[2] If the Court were to allow notice to those wireline engineers that did work in Colorado, Defendants object to Plaintiffs' proposed notice as it includes "Field Supervisors," who are not similarly situated to wireline engineers as explained above.

## CONCLUSION

Defendants respectfully request that the Court DENY Plaintiff's motion for conditional certification. This Court does not have personal jurisdiction over claims by putative class members who did not live in or provide work in Colorado related to Plaintiff's allegations of FLSA violations. Moreover, Plaintiff has failed to show putative class members, in particular field supervisors, are similarly situated to wireline engineers.

Respectfully submitted this 27th day of September, 2019.

**Vogel Law Firm**

*/s/ Robert B. Stock*
Robert B. Stock
218 NP Avenue
P.O. Box 1389
Fargo, ND 58107-1389
Telephone:  701-237-6983
rstock@vogellaw.com
RBSLitGroup@vogellaw.com (service)

**Hall & Evans, LLC**
Lance G. Eberhart
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3368
eberhartl@hallevans.com

*Attorneys for Defendants*