**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-00800-RM-STV

TIMOTHY WARREN, individually and on behalf of all other similarly situated,

    Plaintiff,

v.

MBI ENERGY SERVICES, INC.,
MISSOURI BASIN WELL SERVICES, INC. d/b/a MBI ENERGY, and
HIGH PLAINS INC.,

    Defendants.

---

## ORDER

---

This matter is before the Court on the February 25, 2020, Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 33) to grant Plaintiff Timothy Warren's motion for conditional certification and notice pursuant to 29 U.S.C. § 216(b) (ECF No. 23). Defendants filed an objection to the recommendation (ECF No. 37), Plaintiff filed a response (ECF No. 42), and Defendants filed a reply (ECF No. 43). For the reasons below, the Court ADOPTS Magistrate Judge Varholak's recommendation, with the exception of Section III.A, and GRANTS the motion. The recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.     LEGAL STANDARDS**

    **A.  Review of the Magistrate Judge's Recommendation**

Defendants' objections treat the conditional certification motion as dispositive, as does the recommendation (*see* ECF No. 33, at 1 n.1); Plaintiff contends it is not. The Tenth Circuit

has not resolved the issue. *See Valverde v. Xclusive Staffing, Inc.*, No. 16-cv-00671-RM-MJW, 2018 WL 4178532, at * (D. Colo. Aug. 31, 2018) (Moore, J.) (dispositive or nondispositive nature has not been addressed by the Tenth Circuit, but finds objections fail under either standard of review (i.e., abuse of discretion or de novo)); *Judd v. Keypoint Gov't Solutions, Inc.*, 2018 WL 7142193, at *1, *4 (D. Colo. Dec. 4, 2018) (Moore, J.) (citing generally Fed. R. Civ. P. 72(b)(3) language requiring de novo review of any portion of the magistrate judge's recommendation to which there is an objection and conducting a de novo review). On this record, the Court finds it need not decide, under either standard, the Court reaches the same conclusion.

"In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Section 216(b) of the Fair Labor Standards Act

Section 216(b) of the FLSA provides the exclusive means of bringing class-wide claims to redress alleged violations of the FLSA. *See* 29 U.S.C. § 216(b). The Tenth Circuit has articulated a two-step process governing whether an FLSA collective action may be sustained among "similarly situated" employees. *See Norwood v. WBS, Inc.*, No. 15-cv-00622-MSK-KMT, 2016 WL 7666525, at *1 (D. Colo. Sept. 29, 2016) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*, 536 U.S. 934 (2002)). At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* This determination is made through the allegations in the complaint and supporting affidavits. *Id.* This is a lenient standard – "one that typically results in class certification" – which allows notice to be sent to putative class members and

discovery to be undertaken. *Id.* (citing *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004)); *see also Young v. Dollar Tree Stores, Inc.*, No. 11-cv-01840-REB-MJW, 2012 WL 3705005, at *2 (D. Colo. Aug. 24, 2012) (describing the conditional certification burden as "minimal").

Only after the completion of discovery does the second stage, the "decertification stage," occur. *See Norwood*, 2015 WL 7666525, at *1. It is during this second stage that the court applies a much stricter standard. *Id.* (citing *Brown*, 222 F.R.D. at 679).

## II. THE MAGISTRATE JUDGE'S RECOMMENDATION

Warren moved to conditionally certify a class of workers under Section 216(b) of the FLSA defined as:

> All Wireline Engineers, Wireline Field Engineers, Field Supervisors, and similar positions employed by MBI during the last three years who were paid with a salary and/or commission/production bonus and who did not receive overtime pay (hereinafter "Wireline Engineers" or "the Class").

(ECF No. 23, at 2.) He also requested company-wide notice to putative class members. (*Id.*) Applying the standard above for conditional certification, the magistrate judge determined that Warren's motion should be granted in its entirety, including Warren's proposed methods by which to provide notice to putative class members to which Defendants did not oppose. (ECF No. 33, at 20–22.) As a result, the magistrate judge also recommended ordering Defendants to produce to Warren's counsel "the names, last known addresses, email addresses, telephone numbers, and dates of employment for each of the class members in a useable electronic format"; that "[n]otice be sent to all putative class members by mail, email, and text message"; and that "[a] 60-day notice period be authorized for the class members to join this case." (*Id.* at 23.)

## III. DEFENDANTS' OBJECTION

Defendants opposed conditional certification on the basis that a Colorado federal court

3

cannot exercise personal jurisdiction over "claims of out-of-state plaintiffs in this [FLSA] collective action." (ECF No. 37, at 1.) The main thrust of Defendants' objection is that the magistrate judge's interpretation of *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017) was flawed and that, although factually distinct, *Bristol-Myers* applies to collective actions brought in federal courts under federal law. Specifically, Defendants argue Fifth Amendment due process concerns are identical to those implicated under the Fourteenth Amendment as invoked by the Supreme Court in *Bristol-Myers*. (ECF No. 37, at 7.) Defendants do not explicitly object to any of the magistrate judge's recitation of facts. Defendants also do not object to this Court's exercise of personal jurisdiction over Warren's claims, nor do they object to the magistrate judge's analysis regarding whether Warren "asserted substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *See Thiessen*, 267 F.3d at 1102

## IV.    ANALYSIS

The Court recognizes most of the briefing addresses whether this Court may exercise specific personal jurisdiction over non-Colorado, putative, opt-in plaintiffs in light of *Bristol-Myers*. However, the Court notes this argument puts the proverbial cart before the horse given the procedural posture of this lawsuit – personal jurisdiction over potential plaintiffs is a non-issue where the Court need determine *only* whether Warren has met his burden of establishing that the "putative class members were together the victims of a single decision, policy, or plan." *See Norwood*, 2016 WL 7666525, at *1. Defendants do not object to the magistrate judge's determination that the conditionally certified class is "similarly situated." (ECF No. 33, at 17–20.) That being the case, this Court concludes there is no clear error in this portion of Magistrate Judge Varholak's recommendation and finds Warren has satisfied his burden under

4

the first stage of the FLSA collective actions process and notice should issue to putative class members. *See Summers*, 927 F.2d at 1167.

Defendants argue that company-wide notice violates due process under *Bristol-Myers*. (ECF No. 37, at 3, 8) ("Conditionally certifying a class without the requisite personal jurisdiction, as the Recommendation purports to do, is erroneous and contrary to precedent."). *Bristol-Myers*, however, (a) does not involve the FLSA two-step process, or (b) the requirement of personal jurisdiction over FLSA putative opt-in class members *prior* to issuing notice of a lawsuit. Out of the twelve cases Defendants cite in support of their arguments as to personal jurisdiction, only five of them involve a similar procedural posture. *See Roy v. FedEx Ground Package System, Inc.*, 353 F. Supp. 3d 43, 52–62 (D. Mass. 2018) (applying *Maclin*[1] personal jurisdiction analysis to motion for conditional certification); *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264, 272–80 (S.D.N.Y. 2019) (same); *Canady v. Anthem Companies, Inc.*, 439 F. Supp. 3d 1042, 1045–49 (W.D. Tenn. 2020) (same); *Turner v. Uliquest, LLC*, No. 3:18-cv-00294, 2019 WL 7461197, at * 1–3 (M.D. Tenn. July 16, 2019); *McNutt v. Swift Transportation Co. of Arizona, LLC*, No. C18-5668 BHS, 2020 WL 3819239, at *7–9 (W.D. Wash. July 7, 2020) (same). The remaining cases involve challenges *after* class members were more readily identifiable. *See Maclin*, 314 F. Supp. 3d at 848 (ruling on motion to dismiss under Fed. R. Civ. P. 12(b)(2), not conditional certification); *Chavez v. Stellar Managements Group VII, LLC*, No. 19-cv-01353-JCS, 2020 WL 4505482, at *3, *7 (N.D. Cal. Aug. 5, 2020) (same). *Murphy v. Labor Source, LLC*, No. 19-cv-1929 (MJD/ECW), 2020 WL 3633234, at *5, *12–15 (D. Min. Mar. 12, 2020) (same); *Camp v. Bimbo Bakeries USA, Inc.*, No. 18-cv-378-SM, 2020 WL 1692532, at *1–8 (D.N.H. Apr. 7, 2020) (same); *Rafferty v. Denny's Inc.*, No. 5:18-cv-2409,

---

[1] *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845 (N.D. Ohio 2018).

2019 WL 2924998, at *1–8 (N.D. Ohio July 8, 2019) (same); *Chavira*, *Chavira v. OS Restaurant Services, LLC*, No. 19-cv-10029-ADB, 2019 WL 4769101, at *2–9  (D. Mass. Sept. 30, 2019) (ruling on motion to strike *after* notices of consent were filed by opt-in plaintiffs); *Weirbach v. Cellular Connection, LLC*, No. 5:19-cv-05310-JDW, 2020 WL 4674127, at *2 (E.D. Pa. Aug. 12, 2020) (same).

Defendants appear to argue that personal jurisdiction should be shoe-horned into the analysis regarding whether Warren has made "substantial allegations that the putative class members were together the victims of a single, decision, policy, or plan" – a review that is conducted prior to discovery and supported only by allegations in the complaint and affidavits, or that the mere issuance of notice somehow violates the Due Process Clause of the Fifth Amendment. *See Norwood*, 2016 WL 7666525, at *1. Defendants conflate steps one and two of the FLSA collective action process and fail to establish how the issuance of notice offends Defendants' due process concerns.

This Court rejects the proposition that it should increase Warren's burden contrary to the standard enunciated by the Tenth Circuit and preemptively limit notice at the conditional certification stage. *See Thiessen*, 267 F.3d at 1103. Therefore, the only question here is "whether [Warren has] made substantial allegations that the putative class members were together the victims of a single, decision, policy, or plan." *Id.* The Court has previously found no clear error in the magistrate judge's recommendation on this issue. *See supra*, at 4–5.

V. **CONCLUSION**

Based on the foregoing, it is ORDERED

(1) That Defendants' objection (ECF No. 37) is OVERRULED;

(2) That Defendants are not foreclosed from raising their personal jurisdiction

challenge once the contours of the class are established;

(3) That the magistrate judge's recommendation (ECF No. 33) is ADOPTED with the exception of Section III.A, which need not be decided at this time;

(4) That Warren's motion for conditional certification pursuant to 29 U.S.C. § 216(b) (ECF No. 23) is GRANTED;

(5) That the following class is conditionally certified for purposes of Warren's FLSA collective action claims:

> All Wireline Engineers, Wireline Field Engineers, Field Supervisors, and similar positions employed by MBI during the last three years who were paid with a salary and/or commission/production bonus and who did not receive overtime pay.

(6) That the proposed Notice and Consent forms are approved;

(7) That Defendants shall produce to Warren's counsel the names, last known address, email addresses, telephone number, and dates of employment for each of the class members in a useable electronic format;

(8) That notice shall be sent to all putative class members by mail, email, and text message; and

(9) That putative class members shall have a 60-day notice period during which to join this case.

DATED this 22nd day of September, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge