IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-00800-RM-STV

TIMOTHY WARREN, individually and on behalf of all others similarly situated,

 Plaintiff,

v.

MBI ENERGY SERVICES, INC.,
MISSOURI BASIN WELL SERVICE, INC. d/b/a MBI Energy, and
HIGH PLAINS INC.,

 Defendant.

___

**ORDER**
___

  This case brought as a collective action under the Fair Labor Standards Act ("FLSA") is before the Court on Plaintiff's Motion for Summary Judgment (ECF No. 84), seeking a determination as to Defendants' liability. Defendants filed a Response (ECF No. 86), and Plaintiff filed a Reply (ECF No. 89). For the reasons below, the Motion is granted in part and denied in part.

**I. BACKGROUND**

  Defendants provide well completion services at oil well sites throughout the United States. From March 2014 through January 2018, Plaintiff worked for Defendant MBI Energy Services, Inc. as a salaried wireline engineer. Defendants classify wireline engineers as exempt employees under the FLSA. Consequently, even though Plaintiff worked over forty hours per week, he did not receive overtime pay. *See* 29 U.S.C. § 207(a)(1).

  In June 2018, Plaintiff filed this lawsuit, individually and as a collective action on behalf

of all others similarly situated, asserting claims premised on Defendant's failure to pay overtime. In September 2020, the Court conditionally certified a collective consisting of "[a]ll Wireline Engineers, Wireline Field Engineers, Field Supervisors, and similar positions employed by MBI during the last three years who were paid a salary and/or commission/production bonus and who did not receive overtime pay." (ECF No. 44 at 7.) Notice was sent, and by the end of January 2021, thirty-six Plaintiffs had opted into this case by filing consent forms. (ECF Nos. 8, 41, 51-72.)

In his Motion, Plaintiff contends he has established a prima facie case for unpaid overtime and that Defendants cannot establish any of their affirmative defenses. Defendants argue that genuine issues of material fact exist regarding whether Plaintiff and the opt-in Plaintiffs were properly classified as exempt from the FLSA's overtime compensation requirements and whether Defendants acted in good faith in making that classification.

## II.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th

Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

### III.   DISCUSSION

As the employer, Defendant bears the burden of proving that Plaintiffs are exempt from FLSA coverage. *See Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1233 (10th Cir. 2008); *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1184 (10th Cir. 2004) ("[E]xemptions under the FLSA are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit" (quotation omitted).). Where, as here, the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019). If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to it to set forth specific facts showing that there is a genuine issue for trial. *See id.* If it fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

####   A.   Executive Exemption

To show that Plaintiffs meet the requirements for the executive exemption, Defendants

must establish that (1) Plaintiffs were compensated on a salary basis at a rate of not less than $455 per week, (2) their primary duty was management of the enterprise, (3) they customarily and regularly directed the work of two or more other employees, and (4) they had the authority to hire or fire other employees, or their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were given particular weight. 29 C.F.R. § 541.100(a).

With respect to the fourth requirement, Defendants do not dispute that wireline engineers could not hire or fire employees or that they did not interview job candidates. Instead, they argue wireline engineers "provided recommendations" and "were part of the interview process." (ECF No. 90, ¶¶ 38, 67.) However, "an occasional suggestion with regard to the change in status of a co-worker," 29 C.F.R. § 541.105, is insufficient. The fact that wireline engineers may have identified job candidates, without more, does not match the level of involvement contemplated by the regulation. Defendants have provided no evidence wireline engineers meaningfully contributed to employment decisions or that their suggestions were given particular weight. Accordingly, the Court finds the evidence Defendants have adduced fails to raise a genuine issue as to the fourth requirement.

Evidence raising a genuine issue as to the second requirement is also lacking. "The term 'primary duty' means the principal, main, major or most important duty that the employee performs," based on "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." 29 C.F.R. § 541.700(a). Defendants have not adduced evidence that wireline engineers' purported

4

management duties were more important than the manual work they performed or any evidence as to the amount of time they spent performing such duties. Although there is some evidence that wireline engineers generally had "supervisory responsibilities" over two or more wireline operators (ECF No. 86-3 at 2), Defendants have not shown that wireline engineers were relatively free from direct supervision as they performed manual work alongside wireline operators who received similar compensation and who were bound by the same standard operating procedures. Under these circumstances, the Court finds Plaintiff is entitled to summary judgment as to the executive exemption based on the absence of a genuine issue regarding the second element as well. Accordingly, Plaintiff is entitled to summary judgment as to the application of the executive exemption.

  **B.**  **Administrative Exemption**

  To satisfy the requirements for the administrative exemption, Defendants must show that (1) Plaintiffs were compensated on a salary basis at a rate of not less than $455 per week, (2) their primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and (3) their primary duty included the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a). To meet the second requirement, "an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." 29 C.F.R. §541.201(a). The third requirement is met if "the employee has authority to make an independent choice, free from immediate direct supervision." 29 C.F.R. § 541.202(c).

  The Court finds Defendants have not raised a genuine issue as to the second and third

requirements of this exemption. The Court's analysis of this exemption overlaps with the management requirement for the executive exemption. Although Defendants identify some non-manual work that wireline engineers performed, such as acting "as the face of the company for the customer" and implementing and ensuring compliance with standard operating procedures (ECF No. 86 at 7-8), they again fail to show such work was their principal or main duty. Nor have Defendants adduced evidence that these types of duties were more important than performing the manual work or that wireline engineers devoted a significant portion of their time to such duties. Defendants have not shown that wireline engineers' salaries were tied to any exempt work that they performed. And Defendants' emphasis on its standard operating procedures undermines rather than supports the notion that wireline engineers were free from direct supervision. Further, Defendants have not identified matters of significance that required wireline engineers to exercise their discretion and judgment. Accordingly, the Court finds there is no genuine issue of material fact as to whether the administrative exemption applies, and Plaintiff is entitled to summary judgment on this issue.

### C.     Highly Compensated Exemption

The FLSA exemption for highly compensated employees "applies only to employees whose primary duty includes performing office or non-manual work." 29 C.F.R. § 541.601(d). The exemption does not apply to "non-management production-line workers and non-management employees in maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers, iron workers, craftsmen, operating engineers, longshoremen, construction workers, laborers and other employees who perform work involving repetitive operations with their hands, physical skill and energy." *Id.*

Defendants argue that summary judgment on this exemption is inappropriate because

"Plaintiffs' primary duty was management and supervision; that is, 'non-manual work.'"  (ECF No. 86 at 9.)  Even if Plaintiffs participated in some skilled labor, Defendants say, their work "focused on preparation, oversight, and customer relations."  (*Id.*)  But Defendants' reliance on *Gilchrist v. Schlumberger Technology Corp.*, 2021 WL 6807579, at *4 (W.D. Tex. Dec. 15, 2021), is unavailing, as the Plaintiffs in that case did not dispute they performed primary duties of office or non-manual work.  Defendants cite no other authority in support of applying the exception.  The Court discerns no principled basis for distinguishing wireline engineers from the occupations listed above, including "operating engineers," to which the exemption expressly does not apply.  Therefore, based on the limited record here, and for the reasons already discussed regarding the executive and administrative exemptions, the Court finds there is no genuine issue as to whether Plaintiffs' primary duty included non-manual work.

### D.   MCA Exemption

Pursuant to the Motor Carrier Act ("MCA") exemption to the FLSA, the overtime pay requirement does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service."  29 U.S.C. § 213 (b)(1); *see also Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1154 (10th Cir. 2016).  However, there is a "small vehicle" exception to the MCA exemption that applies when employees' duties occur on vehicles weighing 10,000 pounds or less.  *See Cooper v. Noble Casing, Inc.*, No. 15-cv-1907-WJM-CBS, 2016 WL 6525740, at *4 (D. Colo. Nov. 3, 2016) (unpublished).

In his Motion, Plaintiff contends Defendants cannot meet their burden of proving that MCA exemption applies.  (ECF No. 84 at 23.)  In Response, Defendants first contend that Plaintiff must bear the burden to show wireline engineers fall within the exception.  (ECF No. 86

at 11.)  They further contend that overwhelming evidence in the record shows that Plaintiffs drove vehicles weighing more than 10,000 pounds.  (*Id.* at 12.)

For present purposes, the Court need not determine which side bears the burden of proving whether the exception to the MCA exemption applies because clearly there are genuine issues as to who drove what when.  Defendants have presented evidence that some Plaintiffs drove vehicles weighing more than 10,000 pounds.  (*See* ECF No. 86-8.)  It is unclear whether they also drove spare vehicles, and if so, the weight of those vehicles and how often they were driven.  *Cf. Nelson v. FedEx Ground Package Sys., Inc.*, No. 18-cv-01378-RM-NYW, 2019 WL 1437765 (D. Colo. Feb. 8, 2019) (unpublished) (finding no genuine issue of material fact regarding exception's application where evidence showed plaintiff drove small vehicles no more than twice during relevant period).  And it is unclear what vehicles others drove and the weight of those vehicles.  On the current record, Plaintiff is not entitled to summary judgment on this issue.

  **E.**  **Good Faith**

Under the FLSA's liquidated damages provision, the Court has discretion to eliminate an employer's liability for such damages if the employer shows "that the act or omission giving rise to such action was in good faith" and that it had reasonable grounds for believing its actions complied with the FLSA.  29 U.S.C. § 260; *see also Allen v. Coil Tubing Servs., L.L.C.*, 846 F. Supp. 2d 678, 714 (S.D. Tex. 2012).

Plaintiff contends Defendants will not be able to demonstrate good faith, arguing that a cited due diligence memo is insufficient and suggesting that Defendants were obligated to examine wireline engineers' status in light of *Wilkinson v. High Plains Inc.*, 297 F. Supp. 3d 988, 996-98 (D.N.D. 2018), where the court ruled that Defendants' wireline *operators* were entitled to

8

overtime pay and then went on to conclude that the plaintiffs were entitled to summary judgment on Defendants' good faith defense. Having made no determination as to Defendants ultimate liability in this case, however, the Court cannot say that there are no genuine issues as to Defendants' good faith defense at this stage. *See Prickett v. DeKalb Cnty.*, 276 F. Supp. 2d 1265, 1271 (N.D. Ga. 2003) (finding employer's motion for summary judgment on liquidated damages issue premature before finding of liability), *vacated in part on other grounds*, 349 F.3d 1294 (11th Cir. 2003). Accordingly, Plaintiff is not entitled to summary judgment on this issue.

## IV.   CONCLUSION

Plaintiff's Motion for Summary Judgment on Liability (ECF No. 84) is GRANTED IN PART and DENIED IN PART, as stated in this Order.

DATED this 25th day of April, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge