# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

**Civil Action No. 1:19-cv-800-RM-STV**

**Timothy Warren**,
individually and on behalf of all others similarly situated,

    Plaintiff,

v.

**MBI Energy Services, Inc.**;
**Missouri Basin Well Service, Inc. d/b/a MBI Energy**; and
**High Plains Inc.**,

    Defendants.

## JOINT MOTION TO APPROVE FLSA SETTLEMENT

Timothy Warren ("Plaintiff"), on behalf of himself and the 36 individuals who joined this case, and MBI Energy Services, Inc, Missouri Basin Well Services, Inc., and High Plains Inc. (collectively "Defendants") reached a settlement with respect to this Fair Labor Standards Act (FLSA) case with the aid of Magistrate Scott T. Varholak.[1] The settlement represents more than a three years' worth of investigation, litigation, and negotiation.

---

[1] The Settlement Agreement is being filed under seal as **Exhibit A**.

The Parties jointly request the Court approve the Settlement Agreement as reasonable compromises in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (*citing Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the standard for judicial review when the parties are represented by counsel)). As set forth in this motion and the Settlement Agreement, the settlement is a reasonable compromise of the claims in this lawsuit, especially given collectability issues at hand. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) (explaining that in deciding whether the proposed settlement reflects a "reasonable compromise," the Court may either accept or reject it but cannot require the parties to accept any revisions or modifications to the agreement.).

**1.     Procedural History & This Settlement.**

Plaintiff filed this case on March 18, 2019. On September 22, 2020, the Court authorized § 216(b) notice and 36 individuals filed consent to join forms. The parties litigated through the close of discovery. However, during the discovery process (and the oil field downturn in 2020), Defendants began the process of winding down its corporate affairs and essentially ceased business operations. Plaintiff nonetheless diligently continued pursuing the FLSA claims and obtained summary judgment with respect to Defendants' white-collar exemption defenses. ECF No. 94.

On July 13, 2022, Magistrate Judge Varholak held a settlement conference.[2] The Court helped broker this total settlement figure with full knowledge of significant collectability issues presented by this case. While Defendants had not yet entered bankruptcy, the corporate defendants ceased all business operations and in counsel's opinion, there were no assets to collect even if a successful verdict was reached at trial.

If the Court approves the settlement brokered with Judge Varholak's assistance, Plaintiffs' Counsel will send the notice (enclosed to the Settlement Agreement as **Exhibit B**) and settlement checks to the plaintiffs. The settlement allocation was done on a pro-rata basis based upon each plaintiff's individual damages derived from their relevant dates of employment and salary amounts.[3] Counsel sees only approximately one-third of the total settlement fund (Counsel's lodestar greatly exceeds this amount), plus their out-of-pocket costs.

The parties and their counsel[4] agree the Settlement Agreement is a reasonable compromise of Plaintiffs' claims given the procedural posture of the case, the litigation

---

[2]  Plaintiff Warren attended the conference for Plaintiffs (along with counsel).
[3]  These allocations are attached as **Exhibit A** to the Settlement Agreement.
[4]  Plaintiffs' counsel has served as lead counsel in numerous of large-scale wage and hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs); *Alverson v. BL Restaurant Operations*

risks and the costs applicable to both sides, and the substantial risks of collectability given MBI's financial status. The parties engaged in arm's-length settlement negotiations involving a settlement conference before the Court, multiple settlement discussions, and several additional rounds of extended settlement communications. Because the Settlement Agreement is a reasonable compromise of this bona fide dispute, the Parties seek entry of the attached Order Approving Settlement.

**3.    Conclusion.**

Based upon the significant collectability issues at hand, this Settlement represents a reasonable compromise of the Parties' bona fide disputes relating to owed overtime. As such, we respectfully ask that the Court approve the Settlement.

A proposed Order approving the Settlement is attached.

---

*LLC*, 16-00849, 2017 WL 5491998 (W.D. Tex. Nov. 15, 2017) (granting class certification of nationwide class of FLSA plaintiffs).

Defendants are represented by Vogel Law Firm, who has substantial experience defending collective actions under the FLSA. The Parties respectfully submit the Court may consider their opinions in evaluating the settlement. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (opinions of experienced counsel may be considered in evaluating settlement).

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: ***/s/ Rex Burch***
_____
Richard J. (Rex) Burch
Texas Bar No. 24001807
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**ATTORNEYS FOR PLAINTIFFS**

**AND**

**/s/ Robert B. Stock**
_____
Robert B. Stock
**VOGEL LAW FIRM**
218 NP Avenue
P.O. Box 1389
Fargo, ND 58107-1389
Tel: 701.237.6983
Fax: 701.237.0847

- 6 -

## CERTIFICATE OF SERVICE

On the date stamped above, I served this document via the Court's ECF system.

**/s/ Rex Burch**
_____
Richard J. (Rex) Burch